E-FILED
Friday, 06 February, 2026  11:57:23 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| FRANSHON STAPLETON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 25-2252 |
| | ) | |
| CENTRAL URBANA DISTRICT COURT | ) | |
| JUDGES AND CLERKS, | ) | |
| | ) | |
| Defendant. | ) | |

## **MERIT REVIEW ORDER**

Plaintiff, proceeding pro se and presently incarcerated at Atwater U.S. Penitentiary, was granted leave to proceed *in forma pauperis*. The case is now before the Court for a merit review of Plaintiff's claims. The Court must "screen" Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff alleges that the Court or Clerk's Office withheld from his mother a copy of a private investigator report attached to a Section 2255 petition filed in one of his criminal cases. Plaintiff alleges that the report proves prosecutorial and judicial misconduct. He alleges that Judge Shadid "illegally replaced" Judge Mihm as the presiding judge 25 days before trial.

Plaintiff alleges that the failure to make his Section 2255 motion public has caused undisclosed injuries.

Habeas corpus is the exclusive remedy for Plaintiff to the extent that he challenges his conviction or the reasons he was incarcerated. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (habeas corpus is the exclusive remedy for individuals challenging a fact or duration of confinement and seeking immediate or speedier release from custody). Claims for money damages arising from claims cognizable in habeas do not accrue unless and until a plaintiff has successfully challenged the conviction via habeas corpus. *Heck v. Humphrey*, 512 U.S. 477 (1994). Plaintiff does not have standing to challenge any denial of copies his mother may have encountered.

The Court finds that Plaintiff fails to state a claim upon which relief can be granted. Per the standard practice in this Circuit, the Court would ordinarily grant Plaintiff an opportunity to amend his complaint. Because Plaintiff's exclusive remedy lies in a habeas corpus action and the defendant he named is not prison officials, the Court finds that any amendment would be futile.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Any amendment to the Complaint would be futile. This case is therefore terminated. All pending motions are denied as moot. The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.**

2) **This dismissal may count as one of the plaintiff's three allotted "strikes" pursuant to 28 U.S.C. Section 1915(g). The Clerk of the Court is directed to record Plaintiff's strike in the three-strike log.**

3) **Plaintiff must still pay the full docketing fee of $350 even though his case has been dismissed. The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.**

4) **If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Plaintiff does**

**choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal.**

Entered this 6th day of February, 2026.

_s/Sara Darrow_
_____
SARA DARROW
CHIEF U.S. DISTRICT JUDGE